IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY DEEDS,

    Petitioner,

v.                                                                                  No. 21-cv-0359 KWR-KBM

RICHARD MARTINEZ and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Timothy Deeds' Habeas Petition Under 28 U.S.C. § 2254 (Doc. 1). Petitioner challenges his state convictions based on, inter alia, ineffective assistance of counsel and due process violations. Having reviewed the matter *sua sponte* under Habeas Corpus Rule 4, the Court will require Petitioner to show cause why this matter should not be dismissed as untimely.

**I. Procedural Background**[1]

In 2007, a jury convicted Petitioner of criminal sexual penetration of a child under 13; attempted criminal sexual penetration; criminal sexual contact of a minor; and bribery of a witness. *See* Doc. 1 at 1-2. The state trial court sentenced him to 36 years imprisonment, six of which are suspended, followed by term of parole. *Id.* at 2. Judgment on the conviction and sentence was

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Petitioner's state court criminal dockets, Case No. D-202-CR-2005-356; S-1-SC-32278; and S-1-SC-34415. *See United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir. 2010) (recognizing a court may take judicial notice of docket information from another court); *Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

initially entered on September 19, 2007.  *See* Judgment in D-202-CR-2005-356.  Petitioner filed a direct appeal.  The New Mexico Court of Appeals (NMCA) reversed, in part, and remanded with instructions to set aside the conviction for criminal sexual contact of a minor.  *See State v. Deeds*, 2010 WL 3997983, at *1 (N.M. Ct. App. Mar. 3, 2010).  The NMCA affirmed Petitioner's remaining convictions.  *Id.*  He sought certiorari review, but the New Mexico Supreme Court (NMSC) denied relief on April 8, 2010.  *See* Order Denying Cert. Pet. in Case No. S-1-SC-32278.  It appears Petitioner did not seek further review with the United States Supreme Court (USSC).  *See* Docket Sheet in D-202-CR-2005-356.

The state trial court initially declined to amend the Judgment as directed and denied Petitioner's motion for resentencing.  *See* Order entered January 20, 2012 in D-202-CR-2005-356.  On January 29, 2014, the NMSC issued a Writ of Mandamus directing the state trial court to vacate Petitioner's conviction for criminal sexual contact with a minor in accordance with the NMCA ruling.  *See* Amended Writ of Mandamus in S-1-SC-34415.  The state trial court vacated the conviction, resentenced Petitioner to a total term of 30 years, and entered its Amended Judgment on May 14, 2014.  *See* Amended Judgment in D-202-CR-2005-356.  Petitioner did not file further direct appeals.  *See* Docket Sheet in D-202-CR-2005-356.  His conviction became final no later than June 14, 2014, after expiration of the 30-day appeal period.  *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for purposes of § 2254, a conviction becomes final after conclusion of the direct appeal or, if such appeal is not filed, after expiration of the relevant appeal period).  There was no further activity in the state criminal case for nearly seven years.  *See* Docket Sheet in D-202-CR-2005-356.

Petitioner filed the federal § 2254 proceeding on April 19, 2021.  *See* Doc. 1.  He raises

claims for ineffective assistance by counsel; prosecutorial misconduct; judicial bias; and cumulative/fundamental error. Petitioner paid the $5.00 filing fee, and the matter is ready for *sua sponte* review under Habeas Corpus Rule 4.

## II. Timeliness of the § 2254 Petition

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the judgment becomes final. 28 U.S.C. § 2244(d)(1)(A). As noted above, a judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001). The one-year limitation period can be extended:

(1)	While a state habeas petition is pending, § 2244(d)(2);

(2)	Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)	Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)	Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

Here, the one-year limitation period began to run no later than June 14, 2014, after Petitioner declined to appeal the Amended Judgment. *See Rhine*, 182 F.3d at 1155. There was no discernable activity in the state criminal case during the next year. Accordingly, it appears the

one-year limitation period expired no later than June 14, 2015. Petitioner must show cause in writing within thirty (30) days of entry of the Order why the Petition is not time-barred. The failure to timely respond or overcome the time-bar will result in dismissal of the habeas action without further notice. *See United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("AEDPA's time bar … may be raised by a court *sua sponte*… [H]abeas proceedings are different from ordinary civil litigation and, as a result, our usual presumptions about the adversarial process may be set aside.").

**IT IS ORDERED** that within thirty (30) days of entry of this Order, Petitioner must file a response showing cause, if any, why his § 2254 habeas petition should not be dismissed as untimely.

_____
UNITED STATES MAGISTRATE JUDGE