IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TIMOTHY DEEDS,

    Petitioner,

v.                                         No. 1:21-cv-00359-KWR-KBM

RICHARD MARTINEZ and
ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Petitioner Timothy Deeds' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Deeds challenges his state convictions based on, inter alia, ineffective assistance of counsel and due process violations. The Court previously directed him to show cause why this matter should not be dismissed as time barred. Because Deeds did not respond, and having reviewed the record and applicable authority, the Court **WILL DISMISS** the Petition **WITH PREJUDICE.**

### BACKGROUND[1]

In 2007, a jury convicted Deeds of criminal sexual penetration of a child under 13; attempted criminal sexual penetration; criminal sexual contact of a minor; and bribery of a witness. *See* Doc. 1 at 1-2; Judgment in D-202-CR-2005-356. The state trial court sentenced him to 36 years imprisonment, six of which were suspended, followed by term of parole. *Id.* at 2. Judgment

---

[1] To better interpret the citations in the Petition, the Court takes judicial notice of Petitioner's state court criminal dockets, Case No. D-202-CR-2005-356; S-1-SC-32278; and S-1-SC-34415. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

on the conviction and sentence was initially entered on September 19, 2007.  *See* Judgment in D-202-CR-2005-356.  Deeds filed a direct appeal.  The New Mexico Court of Appeals (NMCA) reversed, in part, and remanded with instructions to vacate the conviction for criminal sexual contact of a minor.  *See State v. Deeds,* 2010 WL 3997983, at *1 (N.M. Ct. App. Mar. 3, 2010) (citing double jeopardy grounds).  The NMCA affirmed the remaining convictions.  *Id.*  Deeds sought certiorari review, but the New Mexico Supreme Court (NMSC) denied relief on April 8, 2010.  *See* Order Denying Cert. Pet. in Case No. S-1-SC-32278.  It appears Deeds did not seek further review with the United States Supreme Court (USSC).  *See* Docket Sheet in D-202-CR-2005-356; Doc. 1 at 2.

The state trial court initially declined to amend the Judgment pursuant to the mandate and denied Deeds' motion seeking that relief.  *See* Order entered January 20, 2012 in D-202-CR-2005-356.  On January 29, 2014, the NMSC issued a Writ of Mandamus directing the state trial court to vacate Deeds' conviction for criminal sexual contact with a minor in accordance with the NMCA ruling.  *See* Amended Writ of Mandamus in S-1-SC-34415.  The state trial court vacated that conviction, resentenced Deeds to a total term of 30 years, and entered its Amended Judgment on May 14, 2014.  *See* Amended Judgment in D-202-CR-2005-356.  Deeds did not file further direct appeals.  *See* Docket Sheet in D-202-CR-2005-356.  His conviction became final no later than June 14, 2014, after expiration of the 30-day appeal period.  *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999) (for purposes of § 2254, a conviction becomes final after conclusion of the direct appeal or, if such appeal is not filed, after expiration of the relevant appeal period).  There was no further activity in the state criminal case for nearly seven years.  *See* Docket Sheet in D-202-CR-2005-356.

Deeds filed the federal § 2254 proceeding on April 19, 2021.  *See* Doc. 1.  He raises claims for ineffective assistance by counsel; prosecutorial misconduct; judicial bias; and cumulative/fundamental error.  By a Memorandum Opinion and Order entered October 26, 2022, the Court screened the Petition under Habeas Corpus Rule 4 and determined it was plainly time-barred, absent tolling.  *See* Doc. 5 (Screening Ruling); *Day v. McDonough*, 547 U.S. 198, 209 (2006) ("As part of the initial review process, "district courts are permitted ... to consider, sua sponte, the timeliness of a ... habeas petition.").  Deeds was directed to file a show-cause response addressing timeliness by November 25, 2022.  The Screening Ruling warned that the failure to timely comply will result in dismissal without further notice.  Deeds did not comply.  The Court will summarize the time-bar and dismiss Deeds' Petition with prejudice.

## DISCUSSION

Petitions for a writ of habeas corpus by a person in state custody must generally be filed within one year after the judgment becomes final.  28 U.S.C. § 2244(d)(1)(A).  A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  *Locke v. Saffle*, 237 F.3d 1269, 1272 (10th Cir. 2001).  The one-year limitation period can be extended:

(1) While a state habeas petition is pending, § 2244(d)(2);

(2) Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3) Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4) Where the factual basis for the claim could not have been discovered until later, §

2244(d)(1)(D).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000).

    As previously noted, the one-year habeas limitation period began to run no later than June 14, 2014, after Deeds declined to appeal the Amended Judgment. *See Rhine*, 182 F.3d at 1155. There was no discernable activity in the state criminal case during the next year. Accordingly, the one-year limitation period expired no later than June 14, 2015. The Screening Ruling set forth this timeline along with the standards for statutory and equitable tolling. Based on Deeds' failure to respond, the Court will dismiss his § 2554 Petition as time-barred. The Court will also deny a certificate of appealability (COA) under Habeas Corpus Rule 11, as the time-bar is not reasonably debatable in this case. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (COA issues where "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong").

    **IT IS ORDERED** that Petitioner Timothy Deeds' Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (**Doc. 1**) is **DISMISSED WITH PREJUDICE**; a certificate of appealability is **DENIED**; and the Court will enter a separate judgment **CLOSING** the civil case.

    **IT IS SO ORDERED.**

_____
**KEA W. RIGGS**
**UNITED STATES DISTRICT JUDGE**